# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No.** _____-_____-_____

WU ZILONG,

    Petitioner,

v.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
APR 26 2021
JEFFREY P. COLWELL
CLERK

JOHN FABBRICATORE, Field Director, Immigration and Customs Enforcement;
TAE JOHNSON, Acting Director for Immigration and Customs Enforcement;
ALEJANDRO MAYORKAS, Acting Secretary of the Department of Homeland Security;
MERRICK B. GARDLAND, Attorney General, United States of America; and
JOHNNY CHOATE, Warden, The GEO Group, Aurora Immigration and Customs Enforcement Processing Center,

    Respondents.

---

## PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

---

Petitioner, <u>Wu Zilong</u>, by himself filed respectfully a petition to the Court for a writ of habeas corpus under 28 U.S.C. § 2241 to remedy my current unlawful detention. Respondents have held me at the Aurora Contract Detention Facility since August 20, 2020, operated by GEO Group, Inc., at 3130 North Oakland Street., Aurora, CO 80010 ("Aurora Detention Center")., I am a native of China and in their custody for eight months. My order of removal has been final for nearly that entire period and I fully cooperated with respondents so that I can return to China. Nonetheless, I inexplicably remain in ICE custody, following eight months of representations from ICE that my removal was forthcoming. Under 8 U.S.C. § 1231(a)(6), I should have been removed within 90 days of the final order, and detention beyond six months is presumptively in violation of my due process rights under the Fifth Amendment, unless there is a significant likelihood of removal in

the reasonably foreseeable future. That is not the case here. My detention violate my statutory and constitutional rights. I am entitled to release from custody through a writ of habeas corpus.

## PARTIES

1. Petitioner I, <u>Wu Zilong</u>, am a native and citizen of China. Respondents have deprived my liberty since August 21, 2020.
2. Respondent John Fabbricatore is Field Office Director of U.S. Immigration and Customs Enforcement ("ICE") Detention and Removal Operations for the Denver District.
3. Respondent Tae Johnson is Acting Director for ICE.
4. Respondent Alejandro Mayorkas is Acting Secretary of the U.S. Department of Homeland Security ("DHS"), the parent agency of ICE.
5. Respondent Merrick B. Gardland is the Attorney General of the United States.
6. Respondent Johnny Choate is Warden of the Aurora, Colorado ICE Processing Center, operated by GEO Group, Inc., Where I have been, and continue to be, held in custody.

## CUSTODY

7. I, <u>Wu Zilong</u>, am physically in custody of ICE.
8. My immediate custodian is John Fabbricatore, Field Office Director of ICE Detention and Removal Operations for the Denver District.
9. ICE is detaining me at the Aurora Contract Detention Facility, operated by GEO Group, Inc., at 3130 North Oakland Street., Aurora, CO 80010 ("Aurora Detention Center").
10. I have been in the custody of Respondents since August 21, 2020.
11. I remain detained under the direct control of Respondent Fabbricatore and his agents and I am "in custody under or by color of the authority of the United States" for purposes of habeas corpus under 28 U.S.C. § 2241(c)(1).

## JURISDICTION AND VENUE

12. This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101, *et seq.*, and the Administrative Procedure Act

(APA"), 5 U.S.C. §§ 701, *et seq*. This Court has habeas corpus jurisdiction pursuant to 28 U.S.C. §§ 2241, *et seq*.; the Suspension Clause of the United States Constitution, Art. I, § 9, Cl.2; and 28 U.S.C. § 1331. Petitioner is presently in custody under the color of the authority of the United States, and such custody is in violation of the Constitution, laws, and treaties of the United States. *See* 8 U.S.C. § 1226(a); Zadvydas v. Davis, 533 U.S. 678 (2001).

13. While jurisdiction for review of removal orders lies with courts of appeals, see 8 U.S.C. § 1241 (a)(1), (b), federal district courts have jurisdiction under 8 U.S.C. § 2241 to hear habeas corpus claims by non-citizens challenging the lawfulness or constitutionality of their detention by ICE. *Nnadika v. Att'y Gen of the United States,* 484 F.3d 626,632 (3d Cir 2007) (holding that, following the REAL ID Act of 2005, district courts retain jurisdiction to hear petitions challenging detention); *see also INS v. St. Cyr,* 533 U.S. 289, 314 (2001) ("The writ of habeas corpus has always been available to review the legality of executive detention."

14. Jurisdiction-stripping provisions of the INA do not apply. I am neither "asking for review of an order of removal," nor "challenging the decision to detain [me] in the first place." *Jennings v. Rodriguez,* 138 S. Ct. 830, 841 (2018). I am not "challenging any part of the process by which my removability will be determined," so "section 1252 (b)(9) does not present a jurisdiction bar." *Id.*

15. Venue for the purposes of habeas corpus lies in the United States District Court for the District of Colorado, the judicial district in which John Fabbricatore, ICE Field Director for Detention and Removal, resides. See 28 U.S.C. § 1391(e).

16. Venue is also proper because the State of Colorado is where I am in custody and where all relevant events occurred.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

17. Petitioner, Wu Zilong, was born in Republic China on January 23, 1988. I am 33 years old. I came to the United States on March, 2016. I came to the United States legal from China visitor's visa B1/B2. I have two children in China; Jinze wu 9 years old and Weixun wu 7 years old. I have one children in California; Anna Wu was born in California, Los

Angeles on February 26, 2017. I overstayed my period of lawful admission. Starting promptly after my removal order became final Immigration and customs Enforcement "ICE" obtained a valid passport from me and began attempting to affect my removal. The COVID-19 pandemic and resulting travel restrictions have complicated {2020 U.S Dist. LEXIS 2} ICE's efforts. ICE first scheduled me for removal to China on January 2021**(Doc. No. 2)** flight, but that flight was cancelled when commercial travel to China was suspended due to the pandemic until mid-May. The next flight ICE was able to book for my removal to China will scheduled for May 2021**(Doc. No. 4)**.

18. ICE has not successfully completed any removals to China since April, 2020. Such removals were suspended from April 2020 to May {2020 U.S. Dist. LEXIS 3}, 2021 due to the pandemic. Despite the lifting of that suspension and the reopening of Chinese airports to commercial flights, no Chinese citizen has been removed to China by ICE in more than Thirteen months. The reason me is subject to removal is apparent from the record, as is the reason for ICE's inability to accomplish that removal to date. The reason ICE believes its attempt to remove me in May will succeed where the last Two attempts have failed.

19. After being convicted in the United States Court for the court of California on one felony charge and serving approximately six months in the California Jail, then seven months in the State Prison, California. After my sentence, petitioner, Wu Zilong, was placed into removal proceedings and transferred into D.H.S. (Department of the Homeland Security) I.C.E. custody on August 21, 2020.

20. I, Wu Zilong, I have been final removal order on September 28, 2020. I did not waived my right to appeal from the order of deportation, thereby making it final on that same date: September 28, 2020.

21. I.C.E. took me into custody to await my deportation. I, Wu Zilong, received a final removal order on September 28, 2020. Since that time, I have been continuously detained by I.C.E. for over six months.

22. My custody status was first reviewed on November 26, 2020. I, Wu Zilong, was served with written decision ordering my continued detention.

23. On or about six months after my removal order became final, I.C.E. conducted another review. Indeed, it gave no information concerning the existence or status of efforts to deport me.
24. In the three months that have passed since my last custody review, I.C.E. has not notified me of any progress in my repatriation.
25. Petitioner has a valid passport from the china and no travel document are required for his removal. Because of the ongoing COVID-19 pandemic, no flights from United States to china occurred in April, May, or June of 2020 until now.
26. I, have cooperated fully with all efforts by I.C.E. to remove me from the United States. I submitted expired passport to I.C.E **(Doc. No. 1 No.5)**.

I submitted to I.C.E, Programs and rehabilitation Certificate.

I provided names and address of my family residing in the United States.

I provided names and address of my family residing in China.

I provided true and correct name and date of birth about me.

I cannot take any other action that will ensure the issuance of a travel document and my removal from United States because there are close embassies or consulates in territory The United States. Because the COVID-19 pandemic I tried to speak to embassy, but no one answered the call because embassy is closed. China does not accept deportation from United States.

I will comply with all conditions placed on my release.

For these reasons, I respectfully request that I be released under an order of supervision so that I may join with my family, return to lawful employment, and no longer be a financial burden to my family or society.

## EXHAUSTION OF REMEDIES.

27. I, Wu Zilong, have exhausted my administrative remedies to the extent required by law, and my only remedy is by way of this judicial action. After the Supreme Court decision in Zadvydas, the Department of Justice issued regulations governing the custody of aliens removed. See 8 C.F.R. § 241.4. My order of removal became final on August 21, 2020. At my "90-day" custody review, on December 26, 2021. I.C.E. decided to prolong my detention. It made the same decision on March, 2021. Despite six months now having passed since my removal order, ICE continues to keep me in custody.

28. No statutory exhaustion requirements apply to my claim of unlawful detention.

## LEGAL FRAMEWORK FOR RELIEF SOUGHT.

29. My detention is governed generally by 8 U.S.C. § 1231 (a). Under that section of the Immigration and Nationality Act ("INA"), My removal should have occurred within 90 days of my order of removal 8 U.S.C. § 1231 (a)(1)(A). My detention for that 90-day period was mandatory. 8 U.S.C. § 1231(a)(2). Following the 90-day period, My detention is governed 8 U.S.C. § 1231 (a)(6), which states that I, Wu Zilong, "may be detained beyond the 90-day removal period and, if released, shall be subject to the terms of supervision in paragraph (3 of Prayer for Relief)."

30. In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that 8 U.S.C. § 1231 (a)(6), when "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id* at 689. A "habeas court must [first] ask whether the detention in question exceeds a period reasonably necessary to secure removal." *Id* at 699. If the individual's removal "is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id*. at 699-700. Such detention would violate the Due Process Clause's prohibition on deprivation of liberty without due process. *Id*. At 690.

31. In determining the length of a reasonable removal period, the Court adopted a "presumptively reasonable period of detention" of six months. *Id*. At 701. "After this six-month period, once the alien provides good reason to believe that there is no significant

likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink." *Id.*

32. I, Wu Zilong, have demonstrated good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. I have been in custody for eight months—well beyond the presumptively reasonable period of six months. I have cooperated with all efforts to deport me to China, including by submitting multiple grievances to complain that the deportation has yet to occur. For the past eight months, I.C.E. was acknowledge that I have a passport and for the past eight months, but they have not effectuated my deportation. U.S. government official has made public comments that deportations to China cannot be carried out. By COVID-19 pandemic I heard that on news.

33. The "evidence" presented by the government to rebut this showing is comprised of repeated statements that I have a passport and my removal will occur in the reasonably foreseeable future." I.C.E. made this statement to me, and once again on,

34. Respondents have also made the blanket statement that "all final order China, to include me, have SLRRFF," meaning a significant likelihood of removal in the reasonably foreseeable future. This sort of statement about deportation of all individuals to a country does not meet Respondents' burden. (*See Thompson v. INS,* 2002 U.S. Dist. LEXIS 23936 E.D. La. September 16, 2002) (Government failed to show that alien's deportation to Guyana was reasonably foreseeable where the government offered historical statistics of repatriation to Guyana, but failed to show any response from Guyana on the application for travel documents that INS and the petitioner had requested).

35. Furthermore, particularly in light of the evidence that deportation to China will not be possible, I.C.E.'s representations that a flights to china exists are insufficient as example Huaien Liu is citizen of china, he was in detention more than six months and I.C.E failed to deport him to china, until Huaien Liu was released to habeas corpus on October 1, 2020 (*See Huaien Liu v. Moniz,* 2020 U.S. Dist. LEXIS 182005 Rather Civil No. 20-11519-LTS).

36. I, Wu Zilong, should be released unless Respondents are able to present documented confirmation that I.C.E. will be able to carry out my deportation in the near future. *See, e.g. Agbada V. Ashcroft*, No. CIV.A. 02-30098-MAP, 2002 WL 1969660, at *1 (D. Mass. Aug. 22, 2002) (holding that court would "likely grant" habeas petition after fourteen months if I.C.E. is "unable to present document confirmation that the Nigerian government has agreed to petitioner's repatriation").

37. The implementing regulations of the relevant provisions of the Immigration and Nationality Act also provide for certain procedural safeguards underlying custody determinations by I.C.E. *See* 8 C.F.R. § 241.4. These regulations state that the 90-day removal period is extend "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 C.F.R. § 241.4(g)(1)(ii). That is not the case here, as I have done everything in my power to cooperate with Respondents to execute my removal.

38. Rather than giving my full custody review as required under the regulations, since my first review December 26, 2020, and second review I did not have still, I.C.E. has apparently relied in writing on 8 C.F.R. § 241.4(g)(4), which states that I.C.E. "will not conduct a custody review under these procedures when I.C.E. notifies the alien that it is ready to execute an order of removal." But I.C.E. in fact has not been "ready to execute" My removal, instead continuing to detain me for an additional eight months. Furthermore, one of the criteria for release under the regulations is that "immediate removal, while proper, is otherwise not practicable," as is the case here. 8 C.F.R. § 241.4(e)(1). I, Wu Zilong, should have been given a full custody review and released, so I.C.E. is in violation of its own regulations.

39. Accordingly, my detention violates my due process rights under the Fifth Amendment and *Zadvydas*, as well as I.C.E.'s own statutory and regulatory scheme.

## CLAIMS FOR RELIEF

### COUNT ONE

### Statutory Violation- 8 U.S.C. § 1231(a)

40. Petitioner re-alleges and incorporates by reference paragraphs 1 through 39 above.

41. Petitioner's continued detention by Respondents is unlawful and contravenes 8 U.S.C. § 1231(a)(6), as interpreted by the Supreme Court in Zadvydas.

42. Petitioner seeks a writ of habeas corpus from this Court, under 28 U.S.C. § 2241, ordering his release from this unlawful detention.

### COUNT TWO

### Substantive Due Process- Fifth Amendment

43. Petitioner re-alleges and incorporate by references paragraphs 1 through 42 above.

44. Petitioner continued detention violates Petitioner's right to due process through a deprivation of the core liberty interest in freedom from bodily restraint.

45. The Due Process Clause of the Fifth Amendment requires that the deprivation of Petitioner's liberty be narrowly tailored to serve a compelling government interest. While Respondents would have an interest in detaining Petitioner in order to effectuate removal, that interest does not justify the indefinite detention of Petitioner, who is not significantly likely to be removed in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 699-700.

46. Petitioner I, Wu Zilong, seek a writ of habeas corpus from this court, under 28 U.S.C. § 2241, ordering my release from this unconstitutional detention.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner I, Wu Zilong, pray that this Honorable Court grant the following relief:

(1) Assume jurisdiction over this matter;
(2) Order Respondents to show cause, within three days of filing this petition, why the writ of habeas corpus should not be granted; and set a hearing on this matter within five days of Respondents' return on the order to show cause, pursuant to 28 U.S.C. § 2243;
(3) Grant Petitioner a writ of habeas corpus directing Respondents to release Petitioner from custody immediately, under reasonable conditions of supervision;
(4) Order Respondents to refrain from transferring the Petitioner out of the jurisdiction of the I.C.E. Denver Field Office during the pendency of these proceedings and while the Petitioner remains in Respondents' custody;
(5) Award Petitioner attorneys' fees and costs under the Equal Access to Justice Act (EAJA), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under law, as the position of the United States in this case is not substantially justified;
(6) Grant any other that this court deems reasonable and proper.

## DECLARATION UNDER PENALTY OF PERJURY

I, Wu Zilong, declare under penalty of perjury that the foregoing is true and correct. See 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Respectfully submitted, this 21th day of April, 2021.

_____

Wu Zilong Pro se
A # 208 825 247
Aurora Contract Detention Facility.
3130 North Oakland Street. Aurora, CO 80010

# CERTIFICATE OF SERVICE

I, Wu Zilong A # 208 825 247, hereby certify that on April 21th, 2021, I mailed this document via first class, certified mail: Petition for Writ of Habeas Corpus to:

Clerk of the Court
Alfred A. Arraj United States Courthouse
901 19th Street, Room A105
Denver, CO 80294-3589

I hereby further certify that I mailed the document to following persons via first class, certified mail on April 21th, 2021.

JOHN FABBRICATORE
ICE Field Director, Denver District
12445 E. Caley Avenue
Centennial, CO 80111

TAE JOHNSON
Acting Director U.S. Immigration and Customs Enforcement
500 12th St. SW
Washington, D.C. 20536

ALEJANDRO MAYORKAS
U.S. Secretary of the Department of Homeland Security
3801 Nebraska Ave. NW
Washington, D.C. 20016

MERRICK B. GARDLAND
Attorney General, United States of America
950 Pennsylvania Ave NW Suite 7141
Washington, D.C. 20530