IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP -3 2021

JEFFREY P. COLWELL
CLERK

Civil Action No.            21-cv-01148-PAB

Wu Zilong

*Pro Se Applicant,*

v.

Merrick B. Garland, Attorney General of the United States,

Alejandro Mayorkas, Secretary of the Department of Homeland Security,

Tae Johnson, Acting Director for Immigration Control and Enforcement,

John Fabbriacore, Field Office Director, U.S. Immigration & Customs Enforcement,

Johnny Choate, Warden of the Aurora Contract Detention Facility,

*Respondents.*

**APPLICANTS RESPONSE TO SUPPLIMENTAL RESPONSE**

**APPLICANT INFORMATION**

WU ZILONG
*Immigration Detainee*
AURORA ICE PROCESSING CENTER.
3130 North Oakland Street,
Aurora, CO 80010
303 361-6612

The Applicant hereby submits the following response to the respondents' supplemental response to Application for Writ of Habeas Corpus by the Applicant. As set forth in more detail below a number of unsuccessful attempts by ICE over the last year have demonstrated intent to prolong the detention of the Applicant and that it is unreasonable to foresee that the Applicant would be removed in the foreseeable future especially with the rise of the Delta variant in the United States and worldwide.

## 1. FACTUAL BACKGROUND

The Applicant signed documents to be deported back to China within days of his arrival to the Aurora ICE processing Center. The Department of Homeland Security ("the Department") has made a number of attempts to schedule the Applicants' removal on"

I. October 1, 2020: the Applicant was scheduled to depart Denver to San Francisco then on to Peking on November 9 2020. However, United Airlines ("the airline") changed the itinerary to December 1, 2020.

II. November 13, 2020: The airline cancelled the upcoming itinerary and advised that daily departures to Peking would start on January 5, 2021.

III. January 7, 2021: The airline cancelled flights to Peking and advised that flights would be available starting on March 4, 2021.

1

IV. February 26, 2021: The airline cancelled the Applicant's March 11, 2021 itinerary and advised that flights would be available starting on April 1, 2021.

V. March 8, 2021: The airline advised that direct flights from San Francisco to Peking were no longer available for the month of April.

VI. April 19, 2021: The airline advised that flights from San Francisco to Peking are not available for the month of June.

VII. May 25, 2021: The airline advised that the first available date for travel is now scheduled in August 2021.

VIII. August 7, 2021 (the weekend of): China withdrew its acceptance of testing arising from the Denver lab, resulting in the cancellation of the flight.

A flight was scheduled for August 16 for the Applicant which was cancelled that the Department was unable to remove the Applicant. According to the Department the weekend of August 7, 2021 the Chinese government announced it would no longer accept covid-19 tests administered at the Detroit laboratory.

As of August 17, 2021, the date of the Respondent's Supplemental Response to Application for writ of Habeas Corpus the Department submitted an attachment that was dated August 17, 2021 at 4:00 pm which appears to indicate that a flight was booked, however, no flight confirmation numbers were displayed.

The Department maintains a position of significant likelihood of removal after over a year of failing to remove the Applicant.

## 2. RESPONSE

The evidence presented by the Department does not support their position of significant likelihood of removal.

The Department presents evidence of their inability to remove the Applicant over the last year. Based on the sample size of 9, with 8 failed attempts or negative outcomes, it is probable that the department will not be able to remove the Applicant in the near future as the possession of a ticket does not ensure removal as the evidence provided by the Department indicates. Another factor diminishing the likelihood of removal is the surge in the delta variant strain of the SARS-Cov-2 virus. When this factor is considered, it appears to reduce the likelihood of the Applicant's removal to China in the near future.

Furthermore, when the Department learned that the Applicant could no longer be tested at the Detroit facility, why did it not immediately reschedule the flight and the testing in San Francisco? After one year in civil detention, that ten day delay is unreasonable. Additionally, why did the Department schedule testing in Detroit in the first place? It would seem logical to schedule a person travelling from Denver to China to be tested in San Francisco. It appears that there are questions regarding the detention of persons detained by the Department in the Aurora ICE Processing Center. The Applicant is housed in a unit within the Aurora ICE processing Center that has a non-white United States citizen who holds a U.S. passport who has been detained by the

Department for four months. A reasonable person would question whether there are any civil rights violations with respect to the Applicant.

The Applicant has been unable to confirm his departure with his embassy as of the date of this writing.

## 3. CONCLUSION

The Department should not be rewarded by detaining the Applicant any longer. The Applicant should be released until the Department can make provisions for his departure or he can find his way back on his own. The fact that the second ticket was not booked until 4:00 pm the day of the Supplemental response on August 17, 2021, demonstrates an unreasonable delay. The fact that the Department is holding an American citizen in immigration proceedings demonstrates that there are issues with procedure with respect to the detention center and that it is possible that this issue with procedure has negatively impacted the Applicant's detention in the Aurora ICE Processing Center. The Habeas Corpus should be granted as the department has failed to demonstrate that the Applicant would be reasonably likely to be removed in the foreseeable future.

Respectfully submitted this 30th day of August 2021

_____
Zilong Wu
Pro Se Applicant
Aurora ICE Processing Center
Aurora, Colorado 80010

## CERTIFICATE OF SERVICE

I hereby certify that, on August 30, 2021, I served a true copy of **WU ZILONG'S APPLICANTS RESPONSE TO SUPPLIMENTAL RESPONSE** by placing it in the internal mail system at the GEO Contract Detention Facility addressed as follows:

Lauren Dickey
c/o GEO Contract Detention Facility
3130 N. Oakland Street
Aurora, CO 80010

_____
Wu Zilong
Pro Se Applicant
Aurora ICE Processing Center
Aurora, Colorado 80010

6

Wu Zilong
Aurora ICE Processing Center
3130 Oakland Street
Aurora, CO 80010

Office of the Clerk
United States District Court
Alfred A. Arraj Courthouse
901-19th St., Room A105
Denver, CO 80294-3589



